IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Kevin Terrell McLean, Sr., ID #60395,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Sheriff Chuck Wright,<br><br>　　　　　Respondent. | C/A No.: 1:24-cv-5979-SAL<br><br><br>**ORDER** |

　　　　Kevin Terrell McLean, Sr., proceeding pro se, filed this 28 U.S.C. § 2241 action as a pretrial detainee. The matter is now before the court on the Report and Recommendation (the "Report") of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending this case be summarily dismissed. [ECF No. 16.] Petitioner objects to the Report. [ECF No. 24.] This matter is ripe for review. For the reasons that follow, this court adopts the Report and dismisses this action.

**BACKGROUND**

　　　　The Report details the procedural history of this case. Petitioner filed his petition in October 2024 when he was a pretrial detainee at Spartanburg County Detention Center. *See* ECF No. 16 at 1. But the following month, he advised the court that he had been transferred to the South Carolina Department of Corrections to serve a 25-year sentence after being convicted of criminal charges in state court. *Id.* at 2–3.

　　　　The magistrate judge recommends dismissal of this action as moot and without requiring Respondent to file a return. *Id.* As explained in the Report, although Petitioner properly filed this action under § 2241 when he was a pretrial detainee, once he was convicted of state criminal

1

charges and sentenced to imprisonment, his § 2241 petition became moot. *Id.* at 5. While Petitioner expresses a desire to pursue claims regarding constitutional violations, those are properly brought under 28 U.S.C. § 2254. *Id.* at 5–6. Part of § 2254 requires proper exhaustion of state court remedies, such as direct appeal and post-conviction relief, and Petitioner indicated to the magistrate judge that he had filed a direct appeal. *See id.* at 7. But because Petitioner did not allege, "and it [was] implausible for the court to accept, that his direct appeal ha[d] already been decided by the South Carolina Court of Appeals[,]" the magistrate judge noted a § 2254 petition could not be granted. *Id.* at 7. The magistrate judge further declined to reconstrue Petitioner's § 2241 petition as one under § 2254 because that could potentially foreclose Petitioner from pursing a federal habeas corpus action once he properly exhausted his state court remedies. *Id.* at 7–8.

Petitioner objects to the Report. *See* ECF No. 16.

## REVIEW OF A REPORT AND RECOMMENDATION

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger *de novo* review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v.*

2

*Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Nevertheless, a party must do more than state, "I object." *Id.*

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The court adopts both the factual recitation and legal standards from the Report. As detailed there, Petitioner's § 2241 petition is rendered moot due to his criminal convictions. But for a number of reasons, the court is hesitant to reconstrue Petitioner's claims as a § 2254 petition. For one thing, it is unclear if Petitioner is currently pursuing a direct appeal in state court. He initially told the court he filed a direct appeal within 10 days of his November 6, 2024, conviction. *See* ECF No. 12 at 1. But his objections seem to indicate that his notice of appeal was not timely filed, which calls into question whether he has a direct appeal pending. *See* ECF No. 24 at 1.

Petitioner objects to his case being dismissed. He states his due process rights have been violated, and his right to a direct appeal has been denied. *Id.* at 1. Ultimately, his objections have no impact on the proper disposition of his § 2241 petition—Petitioner admits he is no longer a

pretrial detainee, so that petition is moot. Additionally, out of an abundance of caution, the court will not reconstrue Petitioner's § 2241 petition as a § 2254 petition. However, the court will provide Petitioner with a § 2254 petition form in the event he wishes to pursue any claims related to his convictions and sentence.

## CONCLUSION

For the foregoing reasons, Petitioner's objections are overruled, and the magistrate judge's report, ECF No. 16, is **ADOPTED**, and the petition is **DISMISSED AS MOOT without requiring Respondent to file a return**. Along with this order, the Clerk's Office is direct to provide Petitioner with a § 2254 petition form.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

**IT IS SO ORDERED.**

Sherri A. Lydon

June 30, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make the required showing.